IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60029
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES L. YOUNG;
TYRONE EUGENE GREEN,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CR-10-2-WS
--------------------

December 15, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Charles L. Young and Tyrone Eugene Green appeal their convictions following a jury trial for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and for using and carrying a firearm in relation to a bank robbery, in violation of 18 U.S.C. § 924(c).

Their argument that the district court erred in denying their motion to suppress the testimony of Government witnesses because the Government procured the testimony with promises of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

more lenient sentences, in violation of 18 U.S.C. § 201(c)(2), is foreclosed by United States v. Haese, 162 F.3d 359, 366 (5th Cir. 1998), cert. denied, 119 S. Ct. 1795 (1999). The appellants' argument that the district court erred in denying their motion for a mistrial is also without merit.

The denial of a motion for mistrial is reviewed for abuse of discretion. See United States v. Coveney, 995 F.2d 578, 584 (5th Cir. 1993). The appellants contend that, if Juror No. 17, who was excused by the trial judge after the jury had been selected, had been honest in her answers during voir dire, they would have been able to challenge her for cause and would have been able to use their alternate strike to challenge Juror No. 34, whom they contend was unfavorable to them. However, the appellants chose to exercise all of their peremptory strikes prior to reaching Juror No. 34, and an earlier dismissal for cause of Juror No. 17 would have had no effect on the number of peremptory strikes they had or used.

To the extent that the appellants argue that their Sixth Amendment rights were violated by having a juror serve who should have been excused for cause, the argument is without merit because they did not challenge the juror for cause nor do they allege that he was biased or incapable of performing his duties in accordance with his instructions and oath. See Wainwright v. Witt, 469 U.S. 412, 424 (1985).

The appellants have failed to demonstrate any error on the district court's part. Accordingly, the district court's judgments are AFFIRMED.